IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA



FILED

MAY 19 2010

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

RODNEY SAMPSON,                    )
                                   )
            Petitioner,            )
                                   )
vs.                                )        No. CIV-09-1341-W
                                   )
JAMES RUDEK, Warden,               )
                                   )
            Respondent.            )

## ORDER

On April 16, 2010, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter and recommended that the Court grant the Motion to Dismiss filed by respondent James Rudek and dismiss this matter without prejudice. Petitioner Rodney Sampson was advised of his right to object, and the matter now comes before the Court on Sampson's Objection to Report and Recommendation.

Sampson was convicted on September 20, 1996, in the District Court for Oklahoma County, Oklahoma, of trafficking in a controlled dangerous substance, and he was sentenced to a term of imprisonment of fifteen years. State v. Sampson, CF-1995-5655.[1] Sampson was paroled on February 8, 2002, and his supervision was transferred to the State of California pursuant to the Interstate Compact Agreement.

Following Sampson's conviction and incarceration for an unrelated crime committed in California, the Oklahoma Department of Corrections on March 8, 2007, applied to revoke Sampson's parole and for the issuance of a warrant. A warrant issued on March 20, 2007,

---

[1]Sampson was also convicted of one count of possession of a controlled dangerous substance for which he received a sentence of one year imprisonment, to be served concurrently with his fifteen-year sentence.

and, after a parole revocation hearing was held on July 30, 2008, Sampson's parole was revoked on September 2, 2008.

In his Application for Writ of Habeas Corpus ("Application"), Sampson has challenged the lawfulness of his parole revocation, and upon de novo review of the record, the Court concurs with Magistrate Judge Bacharach's suggested disposition of this matter.

Sampson had previously challenged his parole revocation in an Application for Writ of Habeas Corpus file-stamped October 5, 2009. Sampson v. Williams, No. CIV-09-1094-W ("Sampson I"). Because Sampson had pending in the state district court an application for post-conviction relief, the Court, after consideration of the Recommendation and Report issued by United States Magistrate Judge Bana Roberts, dismissed without prejudice Sampson's habeas claims for nonexhaustion of state court remedies on November 19, 2009. See Sampson I, Doc. 12.

Sampson then commenced the instant action ("Sampson II") and noted in his Application that his request for post-conviction relief was still pending in the state district court. Immediately after this action was filed, the state court denied Sampson post-conviction relief, and Sampson filed a Notice of Intent to Appeal Post Conviction Proceedings, file-stamped December 31, 2009, to appeal that denial to the Oklahoma Court of Criminal Appeals. As evidenced by the state court records appears, Sampson, however, has not yet perfected that appeal.

After the case-at-bar was filed, Sampson filed yet another Application for Writ of Habeas Corpus, file-stamped February 3, 2010, and inter alia, he again challenged the legality of his parole revocation. Sampson v. Rudek, No. Civ-10-114-W ("Sampson III"). The Court on March 12, 2010, after adopting the Report and Recommendation issued by

2

United States Magistrate Judge Gary M. Purcell, dismissed Sampson's claims to the extent they were duplicative. See Sampson III, Doc. 7.

Despite Sampson's unmeritorious contentions that he need not exhaust state court remedies and that no state court remedies are available to him, the Court again finds that the record demonstrates that Sampson has initiated, but not yet exhausted, the state court remedies available to him. Accordingly, the claims that Sampson has raised in the case-at-bar–Sampson II–remain unexhausted, and respondent Rudek is therefore entitled to dismissal without prejudice as he has requested.

Based upon the foregoing, the Court

(1) ADOPTS the Report and Recommendation [Doc. 22] issued on April 16, 2010;

(2) GRANTS Rudek's Motion to Dismiss [Doc. 13] filed on January 20, 2010; and

(3) hereby DISMISSES without prejudice Sampson's Application [Doc. 1] file-stamped December 7, 2009.

ENTERED this _19th_ day of May, 2010.

LEE R. WEST
UNITED STATES DISTRICT JUDGE